**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000006
04-NOV-2024
08:09 AM
Dkt. 68 SO**

NO. CAAP-21-0000006

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JUDITH PALMERI, Petitioner-Appellee,
v.
THOMAS HAYES, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-DA NO. 20-1-0559)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

This appeal challenges a family court protective order. We reverse.

Respondent-Appellant Thomas Hayes (**Hayes**) appeals from a December 16, 2020 Order of Protection, filed by the Family Court of the Second Circuit (**Family Court**).[1] Hayes and

---

[1] The Honorable Michelle L. Drewyer presided.

Petitioner-Appellee Judith Palmeri (**Palmeri**) were both self-represented in the proceedings below, but are both represented by counsel on appeal.

On appeal, Hayes raises six points of error (**POEs**),[2] contending that the Family Court:  (1) lacked personal jurisdiction over Hayes; (2) "abused its discretion when it failed to address and rule on the issue of res judicata, which was raised by the parties substantively, if not by name"; (3) "abused its discretion when it failed to make any determinations regarding the credibility of the parties-witnesses, which was the only possible 'substantial evidence' that could support its findings of fact"; (4) clearly erred by finding "that there was 'an instance' of 'extreme psychological abuse' and that 'any reasonable person would suffer [] extreme emotional distress'"; (5) "abused its discretion when it failed to give [Hayes] a chance to cross-examine [Palmeri]"; and (6) "abused its discretion" in "not giv[ing] both *pro se* parties equal opportunities to present their cases[.]"  Hayes requests that this court reverse the Order of Protection.

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we resolve Hayes's contentions as follows.

On December 3, 2020, Palmeri filed an ex parte petition (**Petition**) for a temporary restraining order (**TRO**)

---

[2]        Hayes's POEs are reordered for clarity.

under Hawaii Revised Statutes (**HRS**) § 586-4 against Hayes.[3]  The family court[4] granted the Petition and issued a TRO the same day.

On December 16, 2020, an evidentiary hearing was held on the TRO (**show-cause hearing**).[5]  Palmeri testified that she was afraid of Hayes because Hayes followed her, made posts on social media that felt threatening to her, and surveilled her.  Hayes testified that he never followed Palmeri, the social media posts were not intended for her, he was in a new relationship, and wanted to move on in life.

At the conclusion of the show-cause hearing, the Family Court issued the Order of Protection for one year,[6] pursuant to HRS § 586-5.5.[7]  The Family Court found that "this instance constituted cer [sic]-- extreme psychological abuse, a course of conduct that was directed at [Palmeri], that seriously alarmed [Palmeri] or disturbed [Palmeri] constantly, or continuously bothers [Palmeri] and serves no legitimate

---

[3]     HRS § 586-4 (2018 & 2020 Supp.), entitled "Temporary restraining order," permits a family court to grant an ex parte TRO petition "to restrain either or both parties from contacting, threatening, or physically abusing each other," if the court finds "probable cause to believe that a past act or acts of abuse have occurred, or that threats of abuse make it probable that acts of abuse may be imminent."   HRS § 586-4 (a), (c).

[4]     The TRO was granted by the Honorable Douglas J. Sameshima.

[5]     HRS § 586-5 (2006 & 2011 Supp.) requires the court, within 15 days of the TRO being granted, to "hold a hearing on the application requiring cause to be shown why the [TRO] should not continue."

[6]     Although the one-year Order for Protection in effect from December 16, 2020 to December 16, 2021 has expired, the appeal is not moot because the collateral consequences exception applies.  See Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 11, 193 P.3d 839, 849 (2008).

[7]     HRS § 586-5.5 (2018 & 2020 Supp.), provides for the issuance of a protective order following a show-cause hearing, if "the court finds that the respondent has failed to show cause why the order should not be continued and that a protective order is necessary to prevent domestic abuse or a recurrence of abuse[.]"

purpose."  The Family Court determined that "any reasonable person would suffer the extreme [sic] emotional distress." Hayes timely appealed.

**POEs 1 and 2:  Hayes's defenses of lack of personal jurisdiction and res judicata are waived.**

Hayes argues that the Family Court lacked personal jurisdiction over him due to his "tenuous" "connection to this state"; and that the Petition was barred by res judicata.

Hayes presents these defenses for the first time on appeal, and they are waived.  See State ex rel. Off. of Consumer Prot. v. Honolulu Univ. of Arts, Scis., & Humans., 110 Hawaiʻi 504, 516, 135 P.3d 113, 125 (2006) (holding defendant waived its res judicata defense by not pleading such in its answer or raising it during circuit court proceedings); Puckett v. Puckett, 94 Hawaiʻi 471, 481, 16 P.3d 876, 886 (App. 2000) (holding husband waived defense of lack of personal jurisdiction by failing to assert the defense in pleadings or a motion to dismiss, and by personally appearing in court for hearing on pre-decree relief).

**POEs 3 and 4:  The Family Court's finding of "extreme psychological abuse" was clearly erroneous.**

Hayes argues, inter alia, that "there was insufficient evidence to support a finding that domestic abuse occurred," and that the Family Court "made no clear, specific finding of fact as to what incident constituted 'domestic abuse' within the meaning of HRS § 586-1."

"We review a trial court's granting of a protective order for an abuse of discretion."  Doe v. Doe, 120 Hawaiʻi 149, 165, 202 P.3d 610, 626 (App. 2009) (citation omitted).  "[W]hen a conclusion of law presents mixed questions of fact and law, we review it under the 'clearly erroneous' standard because the

4

court's conclusions are dependent on the facts and circumstances of each individual case." JW v. RJ, 146 Hawaiʻi 581, 585, 463 P.3d 1238, 1242 (App. 2020) (citation omitted).

"Domestic abuse" is defined as "[p]hysical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault, [or] extreme psychological abuse . . . between family or household members[.]" HRS § 586-1 (2018 & 2020 Supp.) (emphasis added). "Extreme psychological abuse" means "an intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual, and that serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer extreme emotional distress." Id. (emphasis added).

Here, the record reflects that Palmeri testified to multiple alleged incidents that she found threatening, and the Family Court granted the protective order based on a single, unspecified "instance" of "extreme psychological abuse[.]" The Family Court found that: "this instance constituted cer [sic] -- extreme psychological abuse, a course of conduct that was directed" at Palmeri. (Emphases added.) While HRS § 586-1 does not define the "course of conduct" term used in the "extreme psychological abuse" definition, it is clear that a single instance does not constitute a "course of conduct." See Auger v. Pocino, No. CAAP-16-0000582, 2017 WL 2797657, at *2 (Haw. App. June 28, 2017) (SDO) (holding that the family court's "reliance solely on two incidents of name-calling did not amount to . . . [a] course of conduct [that] constituted extreme psychological abuse"); cf. Duarte v. Young, 134 Hawaiʻi 459, 463, 342 P.3d 878, 882 (App. 2014) (holding that a single act did not

constitute a "course of conduct" under the harassment statute, HRS § 604-10.5(a), which defined "course of conduct" as "a pattern of conduct composed of a series of acts over any period of time").  Because a single "instance" cannot constitute a "course of conduct" required for "extreme psychological abuse" under HRS § 586-1, the Family Court's conclusion that a protective order was warranted, was clearly erroneous.  See JW, 146 Hawaiʻi at 585, 463 P.3d at 1242.  The Family Court acted outside its discretion in issuing the December 16, 2020 Order of Protection, and we reverse.  See Doe, 120 Hawaiʻi at 165, 202 P.3d at 626; Auger, 2017 WL 2797657, at *1-2 (reversing the family court's issuance of the protective order, where the family court's finding of "domestic abuse" was clearly erroneous).

In light of our disposition, we need not address Hayes's remaining POEs.

For the foregoing reasons, we reverse the December 16, 2020 Order of Protection filed by the Family Court of the Second Circuit.

DATED:  Honolulu, Hawaiʻi, November 4, 2024.

On the briefs:

Pamela I. Lundquist
for Respondent-Appellant.

Kristin Coccaro
for Petitioner-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge